UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**ABELSON LAW OFFICES**
BY: Steven J. Abelson, Esq..
ID #SA 7987
80 West Main Street
P.O. Box 7005
Freehold, New Jersey 07728
(732) 462-4773
Attorney for Debtor

Order Filed on July 26, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:
SALVATORE MARZELLA,

               Debtor

Case No.: 20-24073
Adv. No.:

Hearing Date: July 8, 2021 @ 2:00 pm

Judge: Hon. KATHRYN C. FERGUSON

## ORDER CONFIRMING DEBTOR'S SUBCHAPTER V
## <u>PLAN OF REORGANIZATION</u>

The relief set forth on the following pages, numbered two (2) through seven (7) is hereby **ORDERED**.

**DATED: July 26, 2021**

_____
Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

**CAPTION OF ORDER:**
ORDER CONFIRMING DEBTOR'S SUBCHAPTER V
PLAN OF REORGANIZATION

 **CASE NUMBER**: 20-24073

**DATE OF HEARING**: 7/8/21

**JUDGE**: HON.  KATHRYN C. FERGUSON
--------------------------------------------------------------------------------------------------------------------

   THIS MATTER being opened to the Court  upon the Chapter 11 Debtor and debtor-in-

possession, Salvatore Marzella (Steven J. Abelson, Esq. appearing) having filed with the Court a

Small Business Plan of Reorganization or Liquidation on March 30, 2021(Docket No. 43) under

Title 11, United States Code; and it appearing that the Confirmation Hearing having been

scheduled before this Court and due notice of the hearing to consider confirmation of the Plan

(the "Confirmation Hearing") having been given (Docket No. 45); and the solicitation of

acceptances or rejections of hte Plan having been made in the manner required by this Court and

by law; and a Confirmation Hearing having been held before the Court on July 8, 2021; and upon

the entire record of the case, the argument of counsel for the Debtor and the evidence proffered at

the Confirmation Hearing, including the Certification of Salvatore Marzella in Support of

Confirmation (Docket No. 66),  the Certification of Dena Pattakos in Support of Confirmation

(Docket No. 69), the Certification of Steven J. Abelson, Esq. on the tabulation of the ballots cast

in favor of and against the Plan (the "Certification of Ballots," Docket No. 67); and the Court

having considered the objections raised by the parties, if any; and the Court after due deliberation

and good and sufficient cause appearing and for reasons set forth on the record;

   **IT IS HEREBY FOUND AND ORDERED, as follows:**

  1. The Plan, as attached as Exhibit A and as modified by this Order (the "Confirmation

Order") complies with the applicable provisions of the Bankruptcy Code, including Sections

1129 and 1190 of the Code.

**CAPTION OF ORDER:**
ORDER CONFIRMING DEBTOR'S SUBCHAPTER V
PLAN OF REORGANIZATION

**CASE NUMBER**: 20-24073

**DATE OF HEARING**: 7/8/21

**JUDGE**: HON.  KATHRYN C. FERGUSON

---------------------------------------------------------------------------------------------------------------

2.  The Plan has been proposed in good faith and not by any means forbidden by law.

3.  The findings of fact and conclusions of law set forth herein and on the record of the Confirmation hearing constitute findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rules 7052 and 9014.

4.  As evidenced by the Ballot Summary, the Plan has been accepted by the Class of Creditors entitled to vote on the Plan.  Accordingly the Plan is a consensual Plan under Section 1191(a) of the Bankruptcy Code.

5.  To the extent that any objections, reservation of rights, or statements with respect to Confirmation were made on the record at the Confirmation Hearing or prior to the entry of this Confirmation Order, they are hereby overruled on the merits or otherwise resolved based on the record before this Court.

6.  The Debtor, as proponent of the Plan, has met his burden of proving all of the requirements of a consensual plan under section 1191(a) of the Bankruptcy Code, including each required element of Section 1129, by a preponderance of the evidence, the applicable evidentiary standard for Confirmation.

7.  The classification of Claims and Interests under the Plan as modified by this Confirmation Order, is consistent with Section 1122 of the Bankruptcy Code.

**CAPTION OF ORDER:**
ORDER CONFIRMING DEBTOR'S SUBCHAPTER V
PLAN OF REORGANIZATION

 **CASE NUMBER**: 20-24073

**DATE OF HEARING**: 7/8/21

**JUDGE**: HON.  KATHRYN C. FERGUSON
--------------------------------------------------------------------------------------------------------------------

8.  The Plan specifies the classes of Claims or Interests not impaired under the Plan.

9.  The Plan specifies the classes of Claims or Interests impaired under the Plan and

specifies the treatment of Claims or Interests in such classes.

10.  The Plan provides for the same treatment for each Claim or Interest of a particular

class.

11.  The Plans provides adequate means for the execution and implementation of the

Plan.

12.  Any payments made or promised by the Debtor, or any person issuing securities or

acquiring property under the Plan, for services or for costs and expenses in or in connection with

this Chapter 11 case, or in connection with the Plan and incident to this case, have been disclosed

to and approved by this Court, as being reasonable or, if such payment is to be fixed after

confirmation of the Plan, such payment is subject to approval of the Court as reasonable.

13.  After confirmation of the Plan, the Reorganized Debtor shall serve as the Disbursing

Agent, and has agreed to perform all of the duties of Disbursing Agent under the Plan and have

consented to the jurisdiction of this Court in respect to all matters relating to the performance of

such duties.

14.  The procedures by way in which the Ballots were distributed and tabulated were fair,

properly conducted and complied with the applicable rules of this Court.

15.  With respect to each class of Claims or Interests under the Plan, each class either is

**CAPTION OF ORDER:**
ORDER CONFIRMING DEBTOR'S SUBCHAPTER V
PLAN OF REORGANIZATION

 **CASE NUMBER**: 20-24073

**DATE OF HEARING**: 7/8/21

**JUDGE**: HON.  KATHRYN C. FERGUSON
--------------------------------------------------------------------------------------------------------------------------
unimpaired under the Plan, or has duly accepted the Plan, or has been deemed to have accepted

the Plan.

16.  The treatment of Claims under the Plan of the type specified in 11 U.S.C. § 507(a) of

the Bankruptcy Code complies with the provisions of 11 U.S.C. § 1129(a)(9)(A) of the

Bankruptcy Code.

17.  With respect to those impaired classes of Claims under the Plan, at least one (1)

impaired class of Claims has accepted the Plan, determined without including any acceptance of

the Plan by an insider.

18.  The plan is feasible.   The Debtor has demonstrated his ability to meet his financial

obligations under the Plan. Confirmation and consummation of the Plan is not likely to be

followed by the need for further financial reorganization of the Debtor.

19.  No government regulatory commission has jurisdiction over any rates charged by the

Debtor.

20.  Based on the liquidation analysis annexed to the Plan, creditors will receive no less

under the Plan than they would under a liquidation scenario.

21.  The Debtor has no retiree benefits as that term is defined in section 1114 of the

Bankruptcy Code.

22.  Bankruptcy Code sections 1129(a)(14) and 1129(a)15 are not applicable to this case.

23.  The service of notice of the Confirmation Hearing and the solicitation of acceptances

and rejections of the Plan were appropriate and satisfactory and were in compliance with the

**CAPTION OF ORDER:**
ORDER CONFIRMING DEBTOR'S SUBCHAPTER V
PLAN OF REORGANIZATION

 **CASE NUMBER**: 20-24073

**DATE OF HEARING**: 7/8/21

**JUDGE**: HON.  KATHRYN C. FERGUSON
--------------------------------------------------------------------------------------------------------------------------
provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

24.  Pursuant to the Plan, the Debtor will retain and h ave the exclusive rights to continue,
initiate or pursue all causes of actions, claims and rights of the Debtor, other than those released
or compromised as part of or pursuant to the Plan.

Based upon the above findings of fact; and good and sufficient cause appearing therefore,

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT**:

1.  The Plan, as modified herein, be and is hereby confirmed, effective the date of this
Order, as a consensual Plan under Section 1191(a) of the Bankruptcy Code.  The Plan, a copy of
which is attached as Exhibit A, is incorporated into and made a part of this Confirmation Order.
In the event of any inconsistency between the Plan and the provisions of this Confirmation Order,
the provisions of the Confirmation Order are controlling.

2.  The Debtor is hereby authorized and empowered to issue, execute, deliver, file or
records any document, and to take any action necessary or appropriate to implement, effectuate
and consummate the Plan in accordance with its terms.

3.  The Debtor is hereby approved as Disbursing Agent under the Plan.

4.  The Plan and its provisions shall be binding upon the Debtor, any entity acquiring
property under the Plan, the holders of Claims against the Debtor, whether or not the Claims of
such creditors or obligations of any parties-in-interest are impaired under the Plan and whether or
not such creditors or parties-in-interest have voted, or are deemed to have voted, for or against
the Plan.

**CAPTION OF ORDER:**
ORDER CONFIRMING DEBTOR'S SUBCHAPTER V
PLAN OF REORGANIZATION

 **CASE NUMBER**: 20-24073

**DATE OF HEARING**: 7/8/21

**JUDGE**: HON.  KATHRYN C. FERGUSON

---------------------------------------------------------------------------------------------------------------------

5.   The Debtor is hereby authorized and empowered to take any action to execute, deliver

and file in all courts all documents and instruments necessary or appropriate to enforce all causes

of actions, claims and rights of the Debtor.

6. The Discharge provisions contained in the Plan is deemed incorporated herein by

reference, as if set forth herein in full, and is approved in all respects and shall be effective as

provide for in the Plan.

7.   Failure to specifically include or reference a particular section or sections or

provisions of the Plan or any related agreement in this Confirmation Order shall not diminish or

impair the effectiveness of such sections or provisions, it being the intent of the Bankruptcy

Court that the Plan be confirmed and such provisions and related agreements be approved in their

entirety.

8.   This Order shall not be subject to a stay pursuant to Bankruptcy Rule 3020(e).

9.   The services of the Subchapter V Trustee shall terminate upon substantial

consummation of the plan pursuant to 11 U.S.C. § 1183(c)(1).

10.   The Debtor shall file a Notice of Substantial Consummation with the Court not later

than fourteen (14) days after the Plan has been substantially consummated pursuant to 11 U.S.C.

§1182(c)(2).   The date of first payment shall be no later than August 1, 2021.

11.   The Court shall retain exclusive jurisdiction over this reorganization case, including

exclusive jurisdiction over all controversies, disputes and suits which may arise in connection

**CAPTION OF ORDER:**
ORDER CONFIRMING DEBTOR'S SUBCHAPTER V
PLAN OF REORGANIZATION

 **CASE NUMBER**: 20-24073

**DATE OF HEARING**: 7/8/21

**JUDGE**: HON.  KATHRYN C. FERGUSON
-----------------------------------------------------------------------------------------------------------------
with the interpretation or enforcement of the Plan and this Confirmation Order.

12.  Pursuant to 11 U.S.C. § 1141(b), upon entry of this Confirmation Order all assets of

the Debtor shall vest in Salvatore Marzella as reorganized debtor which has emerged from

bankruptcy and is no longer a debtor-in-possession.

13.   The effective date of this Plan shall be July 8, 2021.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:  **SALVATORE MARZELLA**

_____,

Debtor.

Case No. 21 - 24073 (KCF)

Hon. Kathryn C. Ferguson, U.S.B.J.,

Chapter 11 (Subchapter V Small Business)

## SMALL BUSINESS DEBTOR'S PLAN OF REORGANIZATION [OR LIQUIDATION]

This Plan of Reorganization [or Liquidation] is presented to you to inform you of the proposed Plan for restructuring the debt [or liquidating the assets] of [Debtor], and to seek your vote to accept the Plan.

You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan. To assist you in your review, please note that a list of definitions and a section of frequently asked questions appear at the end of this document.

**IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OBJECT TO CONFIRMATION OF THE PLAN. IF YOU WISH TO OBJECT TO CONFIRMATION OF THE PLAN, YOU MUST DO SO BY [_____.**

**YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE RETURNED BY [DEADLINE]. THE BALLOT MUST BE MAILED TO THE FOLLOWING ADDRESS: Steven J. Abelson, Esq., PO Box 7005, Freehold, NJ 07728**

**A HEARING ON THE CONFIRMATION OF THE PLAN IS SCHEDULED FOR _____ IN COURTROOM No. 2 AT THE United States Courthouse, 402 E. State Street, Trenton, NJ 08650**

Your rights may be affected by this Plan. You should consider discussing this document with an attorney.

3/30/2021
**ABELSON LAW OFFICES**
By: Steven J. Abelson, Esq.
80 West Main Street
PO Box 7005
Freehold, NJ 07728
(732) 462-4773

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:                                    Case No.  20-24073 (KCF)

SALVATORE MARZELLA                        Hon.   Kathryn C, Ferguson, U.S.B.J.

                                          Chapter 11 (Sub. Ch V/Small Business)

                              Debtor.

## SMALL BUSINESS DEBTOR'S COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

This Combined Plan of Reorganization and Disclosure Statement is presented to you to inform you of the proposed Plan for restructuring the debt [or liquidating the assets] of [Debtor], and to seek your vote to accept the Plan.

You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan. To assist you in your review, please note that a list of definitions and a section of frequently asked questions appear at the end of this document.

**IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OBJECT TO THE ADEQUACY OF THE DISCLOSURES MADE IN THIS DOCUMENT, OR YOU MAY OBJECT TO THE TERMS OF THE PROPOSED PLAN. IF YOU WISH TO OBJECT TO THE ADEQUACY OF THE DISCLOSURES OR TO THE TERMS OF THE PROPOSED PLAN, YOU MUST DO SO BY [OBJECTION DATE/TIME].**

**YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE RETURNED BY [DEADLINE]. THE BALLOT MUST BE MAILED TO THE FOLLOWING ADDRESS: [DEBTOR'S COUNSEL'S ADDRESS]**

**A HEARING ON THE CONFIRMATION OF THE PLAN IS SCHEDULED FOR _____ IN COURTROOM No. 2 AT THE United States Courthouse, 402 E. State Street, Trenton, NJ 08602**

Your rights may be affected by this Combined Plan and Disclosure Statement. You should consider discussing this document with an attorney.

**ABELSON LAW OFFICES**
By:  Steven J. Abelson, Esq.
80 West Main Street
PO Box 7005
Freehold, NJ  07728
(732) 462-4773

                                    /s/ Steven J. Abelson
                                    By: Steven  J. Abelson, Esq.

Dated: 3/30/2021

# TABLE OF CONTENTS

Page

Summary of the Plan and Distribution to Creditors ...................................................................4

I  **Article 1  Background of the Debtor** ............................................................................4
   1.1. Filing of the Debtor's Chapter 11 Case.........................................................................4
   1.2. Nature of the Debtor's Business....................................................................................5
   1.3. Legal Structure and Ownership.....................................................................................5
   1.4. Debtor's Assets..............................................................................................................5
   1.5. Debtor's Liabilities........................................................................................................5
   1.6. Current and Historical Financial Conditions.................................................................6
   1.7. Events Leading to the Filing of the Bankruptcy Case...................................................6
   1.8. Significant Events During the Bankruptcy Case............................................................6
   1.9. Projected Recovery of Avoidable Transfers..................................................................7

II  **Article 2  The Plan**...........................................................................................................7
   2.1. Unclassified Claims.......................................................................................................7
   2.2 Classes of Claims and Equity Interests..........................................................................9
   2.3. Estimated Number and Amount of Claims Objections.................................................13
   2.4. Treatment of Executory Contracts and Unexpired Leases............................................14
   2.5. Means for Implementation of the Plan..........................................................................14
   2.6. Disbursing Agent...........................................................................................................15
   2.7. Post-Confirmation Management....................................................................................15
   2.8. Tax Consequences of the Plan.......................................................................................15
   2.9. Projections in Support of Debtor's Ability to Fund the Plan........................................15

III  **Article 3  Feasibility of the  Plan**.................................................................................15
   3.1. Ability to Initially Fund Plan.........................................................................................16
   3.2. Ability to Make Future Plan Payments And Operate Without Further Reorganization..16

IV  **Article 4   Liquidation Valuation**................................................................................ 16

V   **Article 5   Discharge**...................................................................................................... 16

VI  **Article 6   General Provisions**......................................................................................17
   6.1. Title to Assets................................................................................................................ 17
   6.2. Binding Effect. ...............................................................................................................17
   6.3. Severability.................................................................................................................... 17
   6.4. Retention of Jurisdiction by the Bankruptcy Court....................................................... 17
   6.5. Captions......................................................................................................................... 17
   6.6. Modification of Plan.......................................................................................................18
   6.7. Final Decree...................................................................................................................18

VII    Article 7    Attachments.................................................................................................18

VIII   Article 8    Frequently Asked Questions.....................................................................19

IX     Article 9    Definitions................................................................................................. 20

## SUMMARY OF THE PLAN AND DISTRIBUTIONS TO CREDITORS

Debtor, Salvatore Marzella is an individual. He was the former 50% owner of NYC Flooring, LLC, which ceased operations in 2020 due to poor business and overwhelming financial obligations with the Pandemic creating a fatal blow precluding any chance of recovery.

Debtor is the 50% owner of his residence located at 191 Round Hill Drive, Freehold, New Jersey and the 100% owner of an rental townhouse located at 5B Yafa Court, Staten Island, NY. He sold another investment property in Linden, New Jersey prior to filing of the Bankruptcy. Those remaining proceeds are deposited in an account with Freehold Savings Bank.

The Plan divides the creditors into classes, Secured, Priority, and General Unsecured. The Plan is devised with the intent to pay to creditors in short order the liquidation threshold, to wit: that which they would have received in a hypothetical Chapter 7 Liquidation.

A) **Secured** There are five (5) secured creditors, the one mortgage to JP Morgan Chase on the Debtor's residence which will be retained and unaffected. There are two mortgages to PNC Mortgage on the Staten Island property will be paid in full by sale of the property no later than 12/31/21. The IRS has filed a Secured Proof of Claim for $ 10, 368, which will be paid upon confirmation and there is a secured Annuity Loan to the NYC Carpenter's Union which will be unaffected by the terms of confirmation.

B) **Priority** There is no priority creditors.

C) **General Unsecured Claims** There are approximately 23 creditors with claims totally approximately $ 6,000,000. While scheduled as unknown and disputed, one creditor has filed a claim for $ 5,820,113. This class will receive a pro-rata share of the liquidation threshold after payment of Administrative Expenses and priority claims.

D) **Executory Contracts** The executory contracts set forth which is a month to month lease for the Staten Island property will be rejected upon the sale of the property no later than 12/31/21.

## ARTICLE 1
## BACKGROUND OF THE DEBTOR

### 1.1. Filing of the Debtor's Chapter 11 Case.

On December 31, 2020 the Debtor filed a voluntary petition for relief under the Bankruptcy Code. The Chapter 11/ Subchapter V case is pending in the Bankruptcy Court in Trenton, New Jersey.

4

## 1.2.  Nature of the Debtor's Business.

Debtor was previously in the Flooring Business in New York City call NYC Flooring, LLC.  He was a 50% owner of that business with Frank Lioy. That business closed in early 2020.   Unable to secure alternative employment, in December 2020, Debtor utilized a $ 25,000 investment from the sale of his Linden property to start a catering business in conjunction with a relative in Florida.  It is entitled Marzella's Catering, LLC.  This NJ business has yet to any generate income and is not relevant to the Debtor's satisfaction of the within Plan.

## 1.3.  Legal Structure and Ownership.

Debtor is an Individual.  He is the former 50% owner of NYC Flooring, LLC (closed) and currently is the owner of Marzella's Catering LLC.

## 1.4.  Debtor's Assets.

Debtors have assets presently as follows:

a)  Real Estate (191 Round Hill Dr., Freehold, NJ) – ($ 830,000 total FMV based on 12/21/20 Realtor CMA): **$ 335,900** (This reflects a 50% interest in the appraised value of $ 830,000 less a 13% cost of sale factor and Debtor's          $ 25,150 exemption under 11 U.S.C. sec. 522(d)(1))
b)  Real Estate (5B Yafa Court, Staten Island, NY) - FMV: **$ 305,000** (based on a 12/7/20 Realtor CMA)(This reflects a 100% interest in the appraised value of $ 350,000 less a 13% cost of sale factor)
c)  DIP Account – Axos: **$ 14,000** (approximate as it fluctuates)
d)  Freehold Savings - **$ 125,195** (these are the remaining proceeds from the 2020 sale of Debtor's investment property in Linden, NJ )
e)  Chase Business Acct: **$ 1,000** (utilized for collection of unemployment)
f)  Furnishings/Personal Property: $ 4000 (Debtor's Estimate)(These are exempt per 11 U.C. sec. 522 (d)(3))
g)  Retirement Funds $ 166,000 consisting of a NYCDCC Annuity of $ 159,452 and a Charles Schwab IRA of $ 6,972. (These are exempt per 11 U.S.C. sec. 522(d)(12)).

## 1.5.  Debtor's Liabilities.

a)  Secured: NJ Mortgage (JP Morgan Chase):  **$ 463,104**
b)  Secured: NY Mortgages(1st & 2nd- PNC Bank) **$ 142,000**
c)  Secured: IRS: **$ 10,368**
d)  Secured: Annuity Claim- NYC Counsel of Carpenters Annuity Fund -
e)  **$ 20,051**
f)  General Unsecured Creditors **$ 6,027,266** (Per POC's- See *Exhibit G*)
g)  Administrative Claims
    i)   Nicole M. Nigrelli, Esq.  (Subchapter V Trustee) **$ 5,000** estimated
    ii)  Steven J Abelson, Esq. (Professional Attorney Fees) **$ 10,000** estimated

## 1.6. Current and Historical Financial Conditions.

Debtor and his former partner (Frank Lioy - see BK Case # 20-23879-KCF) closed their business NYC Flooring LLC in 2020 after extensive business losses and claims which were incapable of satisfaction.  Debtor was left with Debts that were guaranteed by him personally for which he could not satisfy.

Debtor's income for 2018 was $ 126,910 but for 2019 was a loss of -$185,374.  There was no income whatsoever in 2020.  Debtor attempted to secured alternative employments following the closure of NYC Flooring but the Pandemic made that impossible.  In December 2020, he agreed to work in conjunction with a Florida relative who has a Florida catering business (largely unaffected by the Pandemic) and open the business- NJ Marzella Catering LLC with a $ 25,000 investment from the Linden proceeds.

In anticipation of liquidation available assets, Debtor had sold his investment property in Linden, NJ on 10/30/2020 for $ 449,900 and received $171,650.  These funds were utilized for living expenses and the Catering business investment. The remaining proceeds are maintained in the Freehold Savings Bank account to be utilized upon confirmation of this plan.  He will also sell his Staten Island property no later than 12/31/21.

Debtor is presently attempting to start up a catering business in conjunction with a relative in Florida. There is presently no income being derived from same and the plan is not based on same. Debtor is presently receiving unemployment and contributions from his fiancee which pays basic expenses but leaves no disposable income.  The equivalent or greater of any potential projected disposable income will be paid however.   Instead, Debtor will take a $ 50,000 loan secured by a mortgage on the residence from his fiancee's father and will satisfy the balance of the liquidation threshold from his exempt retirement funds.

## 1.7.    Events Leading to the Filing of the Bankruptcy Case.

Debtor    was    sued    personally    by    the    Trustee-    NYC    District Counsel of Carpenters Pension Funds, ets. along with Mr. Lioy and NYC Flooring. They allege that funds contractually due to the Union were unpaid and sought to impose not only the claims for the outstanding contractual monies but extensive penalties upon same.   Debtor was without funds to properly    defend    that    action    in    the    New    York Courts.        That in conjunction    with    the    other personal guaranties, the lack of employment and income due to the Pandemic, along with the Chapter 7 bankruptcy filing by Mr. Lioy (NJ BK Case # 20-23879 KCF) left Debtor with  no alternative  but  to seek relief in this fashion.

## 1.8.    Significant Events During the Bankruptcy Case.

No assets of the Debtor have been sold.  Debtor has attempted to start his business Marzella's Catering but due to the Pandemic, has yet to produce income for same.

See *Exhibit H* for the most recent Bankruptcy Case Docket Report.

6

### 1.9. Projected Recovery of Avoidable Transfers

The Debtor does not intend to pursue preference, fraudulent conveyance, or other avoidance actions.

### ARTICLE 2

### THE PLAN

The Debtor's Plan must describe how its Creditors will be paid. Certain Claims are entitled to specific treatment under the Bankruptcy Code and are not placed in a class for purpose of payment. For example, Administrative Expenses and Priority Tax Claims are not classified.

As required by the Code, the Plan places Claims and Equity Interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of Claims or Equity Interests is impaired or unimpaired. A Claim or Equity Interest can be impaired if the Plan alters the legal, equitable or contractual rights to which the Claimants are otherwise entitled. If the Plan is confirmed, each Creditor's recovery is limited to the amount provided in the Plan.

Only Creditors in classes that are impaired may vote on whether to accept or reject the Plan, and only Creditors holding Allowed Claims may vote. A class accepts the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Plan. Also, a class of Equity Interest holders accepts the Plan when at least two-thirds (2/3) in amount of the allowed Equity Interest holders that actually vote, vote in favor of the Plan. A class that is not impaired is deemed to accept the Plan.

### 2.1. Unclassified Claims.

Certain types of Claims are automatically entitled to specific treatment under the Code. For example, Administrative Expenses and Priority Tax Claims are not classified. They are not considered impaired, and holders of such Claims do not vote on the Plan.

They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan does not place the following Claims in any class:

A. Administrative Expenses

7

The Debtor must pay all Administrative Expenses in full. If an Administrative Expense is disputed, the Bankruptcy Court must determine the validity and amount of the Administrative Expense, or in other words, "allow" the Administrative Expense. Any Administrative Expense that is undisputed and is due and owing on the Confirmation Date must be paid on the Effective Date of the Plan, or upon such other terms as agreed upon by the Debtor and the Administrative Claimant. If the Administrative Expense is disputed, payment will be made after the Administrative Expense is allowed by the Bankruptcy Court.

There are several types of Administrative Expenses, including the following:

1. If the Debtor trades in the ordinary course of business following its filing of the Chapter 11 Case, Creditors are entitled to be paid in full for the goods or services provided. This ordinary trade debt incurred by the Debtor after the Petition Date will be paid on an ongoing basis in accordance with the ordinary business practices and terms between the Debtor and its trade Creditors.

2. If the Debtor received goods it has purchased in the ordinary course of business within 20 days before the Petition Date, the value of the goods received is an Administrative Expense.

3. Administrative Expenses also include any post-petition fees and expenses allowed to professionals, including attorneys and accountants employed upon Bankruptcy Court authority to render services to the Debtor during the course of the Chapter 11 cases. These fees and expenses must be noticed to Creditors and approved by the Bankruptcy Court prior to payment. \

The following chart lists the Debtor's estimated Administrative Expenses, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|------|----------------------|--------------------|
| Expenses Arising in the ordinary course of Business after the Petition Date | n/a | n/a |
| Administrative Tax Clam | -0- | n/a |
| Value of Goods Received in the Ordinary Course of Business | -0- | n/a |
| Professional Fees as Approved by the Bankruptcy Court | $25,000 (Estimated Realtor Commission and professional Fees on Sale of Staten Island property by 12/31/2021 | To be paid upon Sale of Property |

8

| Type | Estimated Amount Owed | Proposed Treatment |
|------|----------------------|--------------------|
| Clerk's Office Fees | $ -0- | |
| Sub-Chapter V Trustee | $ 5,000 estimated | To be paid upon Confirmation |
| Steven J. Abelson, Esq. | $ 10,000 estimated (Balance Due to be determined upon fee application to Bankruptcy Court and utilization of existing fees in Trust) | To be paid upon Confirmation |

B. Priority Tax Claims.

Priority Tax Claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) Priority Tax Claim agrees otherwise, it must receive the present value of such Claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

Each holder of a Priority Tax Claim will be paid as set forth in the chart below:

**N/A - no priority tax claims**

**2.2 Classes of Claims and Equity Interests.**

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

A. Classes of Secured Claims

Allowed Secured Claims are Claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured Claims under § 506 of the Code. If the value of the collateral or setoffs securing the Creditor's Claim is less than the amount of the Creditor's Allowed Claim, the deficiency will be classified as a general unsecured Claim.

The following chart lists all classes containing the Debtor's secured prepetition Claims and their proposed treatment under the Plan:

---

*All fees required to be paid by 28 U.S.C. § 1930(a)(6) ("United States Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any United States Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

| Class # | Description | Insider: (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1 | *Secured claim of:*<br>Name = JPMorgan Chase<br><br>Collateral description = 191 Round Hill Dr, Freehold, NJ<br><br>Allowed Secured Amount = $ 463,104<br><br>Priority of lien = First<br><br>Principal owed = $ 463,104<br><br>Pre-pet. arrearage = n/a<br>Total claim = $ 463,104 | NO | Unimpaired | To be paid pursuant to contract at a monthly interval of $ 4037 per month until satisfied. |
| 2 | *Secured claim of:*<br>Name = PNC Mortgage (1st Mtg)<br><br>Collateral description = 5B Yafa Court, Staten Island, NY<br><br>Allowed Secured Amount = $ 142,118<br><br>Priority of lien = 1st<br>Principal owed = $ 102,798<br><br>Pre-pet. arrearage = $ n/a<br><br>Total claim = $ 102,798 | NO | Unimpaired | To be paid in full from the sale of Property by 12/31/21. |

| Class # | Description | Insider: (Yes or No) | Impairment | Treatment |
|---------|-------------|----------------------|------------|-----------|
| 3 | *Secured claim of:*<br>Name = PNC Mortgage (2nd Mtg.)<br><br>Collateral description = 5B Yafa Court, Staten Island, NY<br><br>Allowed Secured Amount =$ 142,118<br><br>Priority of lien = 2nd<br>Principal owed = $ 39,320<br><br>Pre-pet. arrearage = $ n/a<br><br>Total claim = $ 39,320 | No | Unimpaired | To be paid in full from sale of Property by 12/31/21 |
| 4 | *Secured claim of:*<br>Name =IRS<br><br>Collateral description = All property<br><br>Priority of lien = 1st<br>Principal owed = $ 10,368<br><br>Pre-pet. arrearage = $ n/a<br><br>Total claim = $10,368 | No | Unimpaired | To be Paid in Full upon confirmation of case |
| 5 | *Secured claim of:*<br>Name = NYC Carpenters Union<br><br>Collateral description = Union Annuity Fund<br><br>Allowed Secured Amount = $ 20,051<br><br>Priority of lien = 1st<br><br>Principal owed = $ 20,051<br><br>Pre-pet. arrearage = $ n/a<br><br>Total claim = $ 20,051 | No | Unimpaired | To be paid pursuant to Contract by monthly payments outside of Plan |

B.  Classes of Priority Unsecured Claims.

Certain priority Claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes.   The Code requires that each holder of such a Claim receive cash on the Effective Date of the Plan equal to the allowed amount of such Claim. However, a class of holders of such Claims may vote to accept different treatment.

The following chart lists all classes containing Claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

N/A - None

| Class # 6 | Description | Impairment | Treatment |
|---|---|---|---|
| n/a | Priority unsecured claim pursuant to Section [insert]<br><br>Total amt of claims = $ | Unimpaired | |
| | Priority unsecured claim pursuant to Section [insert]<br>Total amt of claims = $ | [State whether impaired or unimpaired] | |

C.  Class[es] of General Unsecured Claims

General unsecured Claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.   [Insert description of §1122(b) convenience class if applicable.]

The following chart identifies the Plan's proposed treatment of Class[es] 4 through 6, which contain general unsecured Claims against the Debtor:

12

*See Attached Exhibit G*

| Class # 7 | Description | Impairment | Treatment |
|---|---|---|---|
| | General Unsecured Class [including any claims set forth in Section 2.2A above] | Yes | Each creditor to be paid a pro-rata share of available non-exempt funds for distribution. *DeMinimus* claims |
| | | | (defined as resulting in payment of less than $ 25) will not be paid. |

D. Class[es] of Equity Interest Holders.

Equity Interest holders are parties who hold an ownership interest (*i.e.*, equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are Equity Interest holders. In a partnership, Equity Interest holders include both general and limited partners. In a limited liability company ("LLC"), the Equity Interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the Equity Interest holder.

The following chart sets forth the Plan's proposed treatment of the class[es] of Equity Interest holders: [There may be more than one class of Equity Interest holders in, for example, a partnership case, or a case where the prepetition debtor had issued multiple classes of stock.]
    *n/a*

| Class # 8 | Description | Impairment | Treatment |
|---|---|---|---|
| 8 | Salvatore Marzella | Yes | Payment limited to Exemption |

**2.3.    Estimated Number and Amount of Claims Objections.**

The Debtor may object to the amount or validity of any Claim within 60 days of the Confirmation Date by filing an objection with the Bankruptcy Court and serving a copy of the objection on the holder of the Claim. The Claim objected to will be treated as a Disputed Claim under the Plan. If and when a Disputed Claim is finally resolved by the allowance of the Claim in whole or in part, the Debtor will pay the Allowed Claim in accordance with the Plan. [Set forth amount and number of Claims in each class that will be objected to.]

13

| Class | Number of Claims Objected To | Amount of Claims Objected To |
|-------|------------------------------|------------------------------|
| 2 | Claim 4- New Rez dba Shellpoint | Claims was satisfied by sale of property and payment by Title Co. |
| | | |

## 2.4.    Treatment of Executory Contracts and Unexpired Leases.

Executory Contracts are contracts where significant performance of the contract remains for both the Debtor and another party to the contract.  The Debtor has the right to reject, assume (i.e. accept), or assume and assign these types of contracts to another party, subject to the Bankruptcy Court's approval.     The paragraphs below explain the Debtor's intentions regarding its Executory Contracts (which includes its unexpired leases) and the impact such intentions would have on the other parties to the contracts.

Check all that apply:

[  ] Assumption of Executory Contracts.

The Executory Contracts shown on  *Exhibit E* shall be assumed by the Debtor. Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Bankruptcy Code, if any.     *Exhibit E* also lists how the Debtor will cure and compensate the other party to such contract or lease for any such defaults.

If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of future performance, you must file and serve your objection to the assumption within the deadline for objecting to the confirmation of the Plan, unless the Bankruptcy Court has set an earlier time.

## 2.5.    Means for Implementation of the Plan.

Upon confirmation, the remaining Linden proceeds (in the Freehold Savings Acct) will be available for distribution under the plan, going initially to Administrative and Priority Claims.  The remaining balance will be distributed to Allowed General Unsecured Claims on a Pro-Rata basis.   The balance of proceeds from the sale of the Staten Island Property by 12/31/21 will be distributed likewise.

The remaining liquidation threshold (as set forth in Article IV and *Exhibit F*) will be funded by Debtor from  a $ 50,000 loan from Richard Murphy (Father of his fiancee- see *Exhibit C*) and the balance will be paid from a distribution from his exempt retirement funds.

[Additional provisions, if any, for implementing the plan can be inserted here.]

### 2.6. __Payments__

If the Plan is confirmed under section 1191(a), Payments to Creditors provided for in Plan will be made by the Trustee pursuant to section 1194(a). Once the Trustee's service is terminated under section 1183(c), the Debtor shall make Plan payments except as otherwise provided in the Plan or in the Order confirming the Plan.

### 2.7. __Post-Confirmation Management.__

The Post-Confirmation Officers/Managers of the Debtor, and their compensation, shall be as follows:

| Name | Position | Compensation |
|---|---|---|
| Salvatore Marzella | Individual | To be determined |
| | | |
| | | |

### 2.8. __Tax Consequences of the Plan.__

*Creditors and Equity Interest Holders Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, And/Or Advisors.*

The following are the anticipated tax consequences of the Plan: [List the following general consequences as a minimum: (1) Tax consequences to the Debtor of the Plan; (2) General tax consequences on Creditors of any discharge, and the general tax consequences of receipt of Plan consideration after Confirmation.]  n/a - none

### 2.9. __Projections in Support of Debtor's Ability to Fund the Plan__

The viability of Debtor's new catering business is unknown. It is for this reason that Debtor has obtained the loan from his fiancee's father and will take the distribution from the Exempt retirement accounts to fund the plan.

### ARTICLE 3
### FEASIBILITY OF PLAN

15

The Bankruptcy Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

### 3.1. Ability to Initially Fund Plan.

The Plan Proponent believes that the Debtor will have sufficient proceeds available from the current assets to satisfy the liquidation threshold to which creditors are entitled which is equivalent to the value of the debtor's disposable income. *See Exhibit C*

### 3.2. Ability to Make Future Plan Payments And Operate Without Further Reorganization.

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments. Debtor has no current income and no profits of Marzella's Catering are immediately foreseeable due to the Pandemic.

Since no plan payments are anticipated but rather lump sum distributions from either available funds or relatively quickly obtainable funds, debtor's financial projections are not material. The Distribution to Creditors is deemed to be equivalent or greater than potential projected disposable income to the Debtor for the following 60 months. All payments under the plan are anticipated to be concluded by January 31, 2022.

**You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.**

### ARTICLE 4
### LIQUIDATION VALUATION.

To confirm the Plan, the Bankruptcy Court must find that all Creditors and Equity Interest holders who do not accept the Plan will receive at least as much under the Plan as such Claimants and Equity Interest holders would receive in a Chapter 7 liquidation. A liquidation analysis is attached hereto as *Exhibit F*.

### ARTICLE 5
### DISCHARGE.

### 5.1 Discharge

If the plan is confirmed under section 1191(a), on the Confirmation Date the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in section 1141(d) of the Bankruptcy Code.

If the Plan is confirmed under section 1191(b), as soon as practical after completion by the Debtor of all payments due under the Plan, unless the Court approves

16

a written waiver of discharge executed by the Debtor after the order of relief under this chapter, the Court shall grant the Debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in this Plan, except any debt-

> (1) on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by the court; or
>
> (2) if applicable, of the kind specified in section 523(a) of this title.

## ARTICLE 6
## GENERAL PROVISIONS.

### 6.1. Title to Assets.

Except as otherwise provided in the Plan or in the order confirming the Plan, (i) confirmation of the Plan vests all of the property of the estate in the Debtor, and (ii) after confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims and Equity Interests of Creditors, equity security holders, and of general partners in the Debtor.

### 6.2. Binding Effect.

If the Plan is confirmed, the provisions of the Plan will bind the Debtor and all Creditors, whether or not they accept the Plan. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

### 6.3. Severability.

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

### 6.4. Retention of Jurisdiction by the Bankruptcy Court.

The Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters: (i) to make such orders as are necessary or appropriate to implement the provisions of this Plan and to resolve any disputes arising from implementation of the Plan; (ii) to rule on any modification of the Plan proposed under section 1127; (iii) to hear and allow all applications for compensation to professionals and other Administrative Expenses; (iv) to resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases, and (v) to adjudicate any cause of action which may exist in favor of the Debtor, including preference and fraudulent transfer causes of action.

### 6.5. Captions.

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

17

### 6.6. Modification of Plan.

The Plan Proponent may modify the Plan at any time before confirmation of the Plan pursuant to section 1193(a). However, the Bankruptcy Court may require additional items including revoting on the Plan.

If the Plan is confirmed under section 1191(a), the Debtor may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Bankruptcy Court authorized the proposed modification after notice and a hearing.

If the Plan is confirmed under section 1191(b), the Debtor may seek to modify the Plan at any time only if (1) it is within 3 years of the Confirmation Date, or such longer time not to exceed 5 years, as fixed by the Court and (2) the Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

### 6.7. Final Decree.

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Bankruptcy Court shall designate in the Plan Confirmation Order, shall file a motion with the Bankruptcy Court to obtain a final decree to close the case. Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

## ARTICLE 7
## ATTACHMENTS

The following documents accompany the Combined Plan and Disclosure Statement [check those applicable, and list any other attachments here]:

[x] Debtor's Assets at Fair Market Value, annexed as **Exhibit A**.

[x] Debtor's Liabilities, annexed as **Exhibit B**.

[ ] Financial forecast for the Debtor, annexed as Exhibit ___.

[ ] Debtor's most recent financial statements issued before bankruptcy, annexed as Exhibit ___.

[x] Tables showing the Cash on Hand as of the Effective Date, annexed as **Exhibit C**

[x] Debtor's most recent post-petition operating report filed since the commencement of the Debtor's bankruptcy case, annexed as **Exhibit D**.

[] Summary of the Debtor's periodic operating reports filed since the commencement of the Debtor's bankruptcy case, annexed as Exhibit ___.

[x] Executory Contracts and Unexpired Leases, to be Assumed annexed as **Exhibit E**

18

[x]     Executory Contracts and Unexpired Leases to be Rejected, annexed as **Exhibit E**.

[x]     Liquidation Analysis, annexed as **Exhibit F**

[x ]    Table of General Unsecured Creditors, annexed as **Exhibit G**

[x ]    Docket Report showing Significant Bankruptcy events, annexed as **Exhibit H**

## ARTICLE 8
## FREQUENTLY ASKED QUESTIONS

**What Is the [DEBTOR] Attempting to Do in Chapter 11?**     Chapter 11 is the principal reorganization chapter of the Bankruptcy Code.     Under Chapter 11, a debtor attempts to restructure the claims held against it. Formulation and confirmation of a plan of reorganization is the primary goal of Chapter 11. When reorganization is not feasible, however, a debtor may propose a liquidating plan under Chapter 11. The plan is the legal document which sets forth the manner and the means by which holders of claims against a debtor will be treated.

**If the Plan of Reorganization [or Liquidation] Is the Document That Governs How a Claim Will Be Treated, Why Am I Receiving This Combined Plan and Disclosure Statement?**  In order to confirm a plan of reorganization [or liquidation], the Bankruptcy Code requires that a debtor solicit acceptances of a proposed plan, which it is doing with this Combined Plan and Disclosure Statement. If the creditors are satisfied with the information provided in the Plan and the terms of the Plan as proposed, and have voted for the Plan and returned the requisite number of ballots to counsel for the Debtor, the Bankruptcy Court may confirm the Plan as proposed by the Debtor.

**How Do I Determine Which Class I Am In?**     To determine the class of your claim or interest, you must first determine whether your claim is secured or unsecured. Your claim is secured if you have a validly perfected security interest in collateral owned by the Debtor. If you do not have any collateral, your claim is unsecured. The Table of Contents will direct you to the treatment provided to the class in which you are grouped. The pertinent section of the Plan dealing with that class will explain, among other things, who is in that class, what is the size of the class, what you will receive if the Plan is confirmed, and when you will receive what the Plan has provided for you if the Plan is confirmed. Paragraph 2.2 lists all classes of claimants and their types of claims.

**Why Is Confirmation of a Plan of Reorganization [or Liquidation] Important?**  Confirmation of the Plan is necessary because if the Plan is confirmed, the Debtor and all of its creditors are bound by the terms of the Plan.     If the Plan is not confirmed, the Debtor may not pay creditors as proposed in the Plan while the Debtor remains in bankruptcy.

**What Is Necessary to Confirm a Plan of Reorganization [or Liquidation]?** Confirmation of the Plan requires, among other things, the vote in favor of the Plan of two-thirds in total dollar amount and a majority in number of claims actually voting in each voting class.     If the vote is insufficient, the Bankruptcy Court can still confirm the

Plan, but only if certain additional elements regarding the ultimate fairness of the Plan to the creditors are shown.

**Am I Entitled to Vote on the Plan?** Any creditor of the Debtor whose claim is IMPAIRED under the Plan is entitled to vote, if either (i) the creditor's claim has been scheduled by the Debtor and such claim is not scheduled as disputed, contingent, or unliquidated, or (ii) the creditor has filed a proof of claim on or before the last date set by the Bankruptcy Court for such filings. Any claim to which an objection has been filed (and such objection is still pending) is not entitled to vote, unless the Bankruptcy Court temporarily allows the creditor to vote upon the creditor's motion. Such motion must be heard and determined by the Bankruptcy Court prior to the date established by the Bankruptcy Court to confirm the Plan.

**How Do I Determine Whether I Am in an Impaired Class?** Paragraph 2.2 of the Plan identifies the classes of creditors whose claims are impaired. If your claim is impaired, your vote will be considered by the Bankruptcy Court.

**When Is the Deadline by Which I Need to Return My Ballot?** The Plan is being distributed to all claim holders for their review, consideration and approval. The deadline by which ballots must be returned is _____. Ballots should be mailed to the following address:

> Steven J Abelson, Esq.
> Abelson Law Offices
> PO Box 7005
> Freehold, NJ 07728

**How Do I Determine When and How Much I Will Be Paid?** In Paragraph 2.2,(and Exhibit G) the Debtor has provided both written and financial summaries of what it anticipates each class of creditors will receive under the Plan.

## ARTICLE 9
### DEFINITIONS

**9.1.** The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code are used in this Plan. The definitions that follow that are found in the Code are for convenience of reference only, and are superseded by the definitions found in the Code.

**9.2. Administrative Claimant**: Any person entitled to payment of an Administration Expense.

**9.3. Administrative Convenience Class:** A class consisting of every unsecured claim that is less than or reduced to an amount that the Bankruptcy Court approves as reasonable and necessary for administrative convenience.

20

**9.4. Administrative Expense**: Any cost or expense of administration of the Chapter 11 case entitled to priority under Section 507(a)(2) of the Code and allowed under Section 503(b) of the Code, including without limitation, any actual and necessary expenses of preserving the Debtor's estate, any actual and necessary expenses incurred following the filing of the bankruptcy petition by the Debtor-in-Possession, allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against any of the Debtor's estates under Chapter 123, Title 28, United States Code.

**9.5    Administrative Tax Claim**: Any tax incurred pursuant to Section 503(b)(1)(B) of the Code.

**9.6. Allowed Claim**: Any claim against the Debtor pursuant to Section 502 of the Code to the extent that: (a) a Proof of Claim was either timely filed or was filed late with leave of the Bankruptcy Court or without objection by the Debtor, and (b) as to which either (i) a party in interest, including the Debtor, does not timely file an objection, or (ii) is allowed by a Final Order.

**9.7. Allowed Priority Tax Claim**: A Priority Tax Claim to the extent that it is or has become an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

**9.8. Allowed Secured Claim**: Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code

**9.9. Allowed Unsecured Claim**: An Unsecured Claim to the extent it is, or has become, an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

**9.10. Bankruptcy Code or Code**: The Bankruptcy Reform Act of 1978, as amended and codified as Title 11, United States Code.

**9.11. Bankruptcy Court**: The United States Bankruptcy Court for the District of New Jersey.

**9.12.  Bankruptcy Rules**: The Federal Rules of Bankruptcy Procedure.

**9.13. Cash**: Cash, cash equivalents and other readily marketable securities or instruments issued by a person other than the Debtor, including, without limitation, readily marketable direct obligations of the United States of America, certificates of deposit issued by banks and commercial paper of any entity, including interest accrued or earned thereon.

21

**9.14. Chapter 11 Case**: This case under chapter 11 of the Bankruptcy Code in which [DEBTOR] is the Debtor-in-Possession.

**9.15  Claim**: Any "right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for future performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, secured or unsecured." 11 U.S.C. § 101(5).

**9.16. Class**: A category of holders of claims or interests which are substantially similar to the other claims or interests in such class.

**9.17. Committee**: Any Committee of Creditors appointed by the United States Trustee in the chapter 11 case pursuant to Section 1102 of the Bankruptcy Code.

**9.18. Confirmation**: The entry by the Bankruptcy Court of an order confirming this Combined Plan and Disclosure Statement.

**9.19. Confirmation Date**: The Date upon which the Bankruptcy Court shall enter the Confirmation Order; provided however, that if on motion the Confirmation Order or consummation of the Plan is stayed pending appeal, then the Confirmation Date shall be the entry of the Final Order vacating such stay or the date on which such stay expires and is no longer in effect.

**9.20. Confirmation Hearing**: The hearing to be held on _____, 20__ to consider confirmation of the Plan.

**9.21. Confirmation Order**: An order of the Bankruptcy Court or any amendment thereto confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

**9.22. Creditor**: Any person who has a Claim against the Debtor that arose on or before the Petition Date.

**9.23. Debtor** and **Debtor-in-Possession**: [Debtor], the debtor-in-possession in this Chapter 11 Case.

**9.24. Disputed Claim:** Any claim against the Debtor pursuant to Section 502 of the Code that the Debtor has in any way objected to, challenged or otherwise disputed.

**9.25. Distributions**: The property required by the Plan to be distributed to the holders of Allowed Claims.

**9.26.  Effective Date**: [DATE]

[D.N.J. LBR 3016-1(b) provides that "Unless a plan provides otherwise, its effective date shall be the date on which the order of confirmation becomes final."

**9.14. Chapter 11 Case**: This case under chapter 11 of the Bankruptcy Code in which [DEBTOR] is the Debtor-in-Possession.

**9.15    Claim**: Any "right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for future performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, secured or unsecured." 11 U.S.C. § 101(5).

**9.16. Class**: A category of holders of claims or interests which are substantially similar to the other claims or interests in such class.

**9.17. Committee**: Any Committee of Creditors appointed by the United States Trustee in the chapter 11 case pursuant to Section 1102 of the Bankruptcy Code.

**9.18. Confirmation**: The entry by the Bankruptcy Court of an order confirming this Combined Plan and Disclosure Statement.

**9.19. Confirmation Date**: The Date upon which the Bankruptcy Court shall enter the Confirmation Order; provided however, that if on motion the Confirmation Order or consummation of the Plan is stayed pending appeal, then the Confirmation Date shall be the entry of the Final Order vacating such stay or the date on which such stay expires and is no longer in effect.

**9.20. Confirmation Hearing**: The hearing to be held on ____, 20__ to consider confirmation of the Plan.

**9.21. Confirmation Order**: An order of the Bankruptcy Court or any amendment thereto confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

**9.22. Creditor**: Any person who has a Claim against the Debtor that arose on or before the Petition Date.

**9.23. Debtor** and **Debtor-in-Possession**: [Debtor], the debtor-in-possession in this Chapter 11 Case.

**9.24. Disputed Claim:** Any claim against the Debtor pursuant to Section 502 of the Code that the Debtor has in any way objected to, challenged or otherwise disputed.

**9.25. Distributions**: The property required by the Plan to be distributed to the holders of Allowed Claims.

**9.26.  Effective Date**: Pursuant to D.N.J. LBR 3020-1, the effective date of a Chapter 11 plan is 30 days after entry of the order confirming the plan unless the plan or confirmation order provides otherwise.

**9.27. Equity Interest:** An ownership interest in the Debtor.

**9.28. Executory Contracts:** All unexpired leases and executory contracts as described in Section 365 of the Bankruptcy Code.

**9.29. Final Order:** An order or judgment of the Bankruptcy Court that has not been reversed, stayed, modified or amended and as to which (a) any appeal that has been taken has been finally determined or dismissed, or (b) the time for appeal has expired and no notice of appeal has been filed.

**9.30. IRC:** The Internal Revenue Code

**9.31. Petition Date:** [12/31/20], the date the chapter 11 petition for relief was filed.

**9.32. Plan:** This Combined Plan and Disclosure Statement, either in its present form or as it may be altered, amended, or modified from time to time.

**9.33. Plan Proponent:** The individual or entity that has filed this Combined Plan and Disclosure Statement.

**9.34. Priority Tax Claim:** Any Claim entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code.

**9.35. Reorganized Debtor:** The Debtor after the Effective Date.

**9.36. Schedules:** Schedules and Statement of Financial Affairs, as amended, filed by the Debtor with the Bankruptcy Court listing liabilities and assets.

**9.37. Secured Creditor:** Any creditor that holds a Claim that is secured by property of the Debtor.

**9.38. Unsecured Creditor:** Any Creditor that holds a Claim in the Chapter 11 case which is not a secured Claim.

Respectfully submitted,

/s/ Steven J. Abelson

By:   Steven J. Abelson, Esq.

23

United States Bankruptcy Court
District of New Jersey

In re:                                                                                    Case No. 20-24073-KCF
Salvatore Marzella                                                                         Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3                          User: admin                                      Page 1 of 2
Date Rcvd: Jul 26, 2021                       Form ID: pdf903                              Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 28, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Salvatore Marzella, 191 Round Hill Drive, Freehold, NJ 07728-8217 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 28, 2021                    Signature:          /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 26, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Carol L. Knowlton | on behalf of Creditor Brian Allen cknowlton@gorskiknowlton.com |
| Charles Virginia | on behalf of Creditor Trustees of the New York City District Council of Carpenters Benefit Funds cvirginia@vandallp.com ecodispoti@vandallp.com;nmarimon@vandallp.com;jharras@vandallp.com |
| Christian Del Toro | on behalf of Creditor PNC BANK  NATIONAL ASSOCIATION cdeltoro@martonelaw.com, bky@martonelaw.com |
| Denise E. Carlon | on behalf of Creditor NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com |
| Lauren Bielskie | on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov |
| Melissa N. Licker | |

on behalf of Creditor JPMorgan Chase Bank  National Association NJ_ECF_Notices@mccalla.com,
mccallaecf@ecf.courtdrive.com

Nicole M. Nigrelli

nnigrelli@ciardilaw.com

Nicole M. Nigrelli

on behalf of Trustee Nicole M. Nigrelli nnigrelli@ciardilaw.com  sfrizlen@ciardilaw.com;dtorres@ciardilaw.com

Phillip Andrew Raymond

on behalf of Creditor JPMorgan Chase Bank  National Association phillip.raymond@mccalla.com,
mccallaecf@ecf.courtdrive.com

Regina Cohen

on behalf of Creditor Ally Capital rcohen@lavin-law.com  ksweeney@lavin-law.com

Steven J. Abelson

on behalf of Debtor Salvatore Marzella sjaesq@atrbklaw.com  atrbk1@gmail.com;r49787@notify.bestcase.com

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov


TOTAL: 12