UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**
MARTONE & UHLMANN,
A PROFESSIONAL CORPORATION
777 PASSAIC AVE STE 535
CLIFTON, NJ 07012
(973) 473-3000
bky@martonelaw.com
Attorneys for Secured Creditor/Servicing Agent
PNC BANK, NATIONAL ASSOCIATION
36.4989 and 36.8735

In re:

Salvatore Marzella

Case No. 20-24073 (KCF)

Judge: Kathryn C. Ferguson (KCF)

Chapter 13

**LIMTED OBJECTION TO THE MOTION TO SELL THE PROPERTY LOCATED AT 5B YAFA COURT, STATEN ISLAND, NEW YORK 10314**

On behalf of PNC BANK, NATIONAL ASSOCIATION, Secured Creditor of a first mortgage on debtor(s)' property, 5B Yafa Court, Staten Island, New York 10314, MARTONE & UHLMANN, A PROFESSIONAL CORPORATION hereby files a limited objection to the Motion to Sell the Property located at 5B Yafa Court, Staten Island, New York 10314 on behalf of PNC Mortgage Company for the following reasons:

1. The Debtor has filed a Motion to Sell the property located 5B Yafa Court, Staten Island, New York 10314 free and clear of certain judgments and liens. The Secured Creditor currently holds two Mortgages, one mortgage on the property ending in 9549 and Home Equity Line of Credit with a loan number ending in 5448.

2. Secured Creditor does not object to the Motion to Sell so long as it is understood that the Secured Creditor will not release or discharge their lien until a full payoff, determined by the Secured Creditor, PNC Bank, National Association is received. Also, all terms of the Note, Mortgage and any Modifications will be remain in effect until such a time that the mortgage is paid off in full.

3. Secured Creditor will only accept the Motion to Sell so long as the Order granting the Motion to Sell includes language:

*ORDERED, Secured Creditor only accepts the Sale of the Property located 5B Yafa Court, Staten Island, New York 10314 to the extent that the full payoff determined only by the Secured Creditor for the loans ending in 9549 and 5448. The Trustee and/or Debtor reserves the right to question, contest and/or request verification of any line item(s) in the*

*Mortgagee's Payoff Statement but waives any challenge to the contractual calculation of the full amount due. If the sale price is not enough to make a full payoff of the Secured Creditor's Lien, the Mortgagee may, in their exclusive and unrestricted discretion, agree to accept less than the full amount due to release their lien, but is not obligated to do so*

4.      It is for the foregoing reasons that attorney for the Secured Creditor respectfully files a limited objection to the Motion to Sell.

I hereby certify that the foregoing statements made by me are true and correct to the best of my knowledge, information and belief.  I am aware that if any of the forgoing statements made by me are willfully false I am subject to punishment.

By:     /s/Christian Del Toro<br>
Christian Del Toro, Esq.<br>
A Member of the Firm

Dated:  December 3, 2021